Let me just put the title of the case on it so that we'll identify it on the tape in case anybody ever wants to listen to it. This is 095047 Blakely v. the United States. Ms. Milton. This is the government's appeal from an award of attorney's fees in a tax refund suit where the taxpayer filed a refund claim stating a single basis for a refund and the government did not agree with that basis, but ultimately discovered that a different exemption applied to the transaction that had been taxed. What is it exactly that the trial judge did wrong? Your Honor, our suggestion is, our claim is that the court relied on two erroneous legal propositions in assessing the substantial justification of the government's position. The only issue before the court was whether the government had established that its position was substantially justified, and the court was applying Section 7430 of the Internal Revenue Code. Do you agree with the proposition that that requires the trial judge to look at both the administrative process and the court process to determine whether the government's position was substantially justified? No, Your Honor. In the unique circumstances of this case, the only position that was before the court was the government's position in litigation. You're saying there's a difference between EJIA and 7430 in this respect? Yes, sir, there is. Under Section 7430, the position of the United States is divided into its position in administrative proceedings and its position in judicial proceedings. How do we know that? I mean, it's defined in the... What you're saying is that EJIA has a special definition of position, right? Yes, sir. Yeah, and that definition doesn't appear in 7430, right? That's correct. But how do we know that position in 7430 means something different than it does in EJIA? In the definitions provision section of 7430 at C7A and B, it defines the position of the United States, and it defines it separately for its position in litigation and its position in administrative proceedings. What page is that at? Where is that set for? It's at Section 7430. No, no, where in the... Did you attach it to your brief? Yes, Your Honor, it's... The appendix to the brief has the language of Section 7430. It's at page 59 of the appendix. It says the position of the United States. This is Section 7. The term position of the United States means subsection A, the position taken by the United States in a judicial proceeding to which subsection A applies, and subsection B, the position taken in an administrative proceeding to which subsection A applies. And it has some further provisions, but it's at page 59. And in that respect, Section 7430 is distinguishable from the Equal Access to Justice Act, and we submit that that is an error that... Well, it is distinguishable in that EJIA doesn't deal with administrative proceedings, but only court proceedings. Isn't that right? Yes, it does, and... But 7430 deals with both. It does, but EJIA specifically allows the court, in assessing the government's litigating position, to look at the agency position that preceded it. It kind of merges the two, whereas Section 7430 expressly separates the two. And that's the distinction that we believe that the court failed to apply in this case. Although the court recognized that it was applying Section 7430, it failed to separate considerations of what happened prior to litigation and what happened in the litigation. But suppose we were to hold that you have to... We have to consider the position before the agency here, as well as the litigating position. What was the Court of Federal Claims saying was wrong with what the agency position was? May I say one thing before I answer that question? Sure. Before this, the taxpayer didn't appeal from the denial of any award of attorney's fees in the administrative proceeding. Well, I understand that. So we would submit that it's not before the court whether the... Well, yeah, the entitlement to fees for the administrative proceeding may not be before the court, but what I'm asking you to assume is that we hold that the position in court and the reasonableness of the position in court is to be measured both by what was said before the court and what the agency said during the agency proceedings, the way it is under EJIA. Let's assume that we do that. The question I'm trying to ask you is, do you then lose? No, Your Honor. I should have answered first. Both EJIA and the Section 7430 of the Code apply the same standard in assessing whether the government was substantially justified in its conduct, and this court has said that that means that the government's position needs to have been reasonable, in fact, in law. It is a long-established rule in the area of tax refund claims that the government is entitled to rely on the face of the refund claim that's submitted. It evaluates that claim. It evaluates what the taxpayer has said is the ground for its claims of repayment. The sole ground for the refund claim here was that it wasn't a machine gun. That's correct. The only thing the taxpayer has ever said entitles him to a refund is his claim that he didn't transfer a machine gun that was covered by the National Firearms Act. But the face of the refund claim expressly revealed the fact that both the transferor and the transferee were these, what do they call them, special qualifying whatever that phrase is. Isn't that correct? Actually it was the form that the taxpayer filed when he paid the tax that showed that the transferee was, I'll call him a licensed firearms dealer, it's special occupational taxpayer is the term. But on the face of the form that was filed when the tax was paid, it did show that both the transferor and the transferee were licensed firearm dealers. So the ATF was fully informed of that fact by the taxpayer. It was made aware of that by the taxpayer. Although when the taxpayer filed a refund claim, there was no reference to that fact, and there was certainly no claim that no tax was due because the transfer had happened between these two licensed firearms dealers. And the Justice Department resisted even though it also was on notice that he was one of these special occupational taxpayers? Well the Justice Department filed an answer with the assistance of ATF, the agency that it was working with, and almost immediately the government's attorney who had explored the full statutory scheme, and it's one we're not that familiar with because we don't work with it a lot as tax lawyers, found that there was a statutory exemption. And he immediately processed the refund over the taxpayer's objection. And this court has affirmed the judgment in that situation where the taxpayer had objected to the fact that he didn't want a refund based on this statutory exemption. And if one looks at the court's opinion, the court did not find fault with the government's litigating conduct at all. The court instead said that the government's conduct in the ATF's conduct acceptable. So there was really no fault finding as to the way the government conducted this litigation, which was a very expeditious resolution of the matter once it was in the hands of the court. Let's be sure we understand, or I understand, exactly what the trial judge did with this. If I understand it correctly, the trial judge did not give them any fees for the administrative process activity. The only fees that were awarded related to the litigation in the trial court. Is that correct? With the exception, with the small exception of some FOIA stuff that, you know, let's not nickel and dime that stuff. But the basic award was for the litigation expenses in the trial court. That's the way the court characterized it. It was everything, all the costs incurred from the date that the ATF denied the refund claim through the litigation. So essentially it was litigation related. What's wrong with that? What's wrong with the award being attributed under 70, I can't keep all these sections straight, under your 78, what is it, 78 or whatever your statute is, what's wrong with the trial judge having allocated the fee to the court litigation? Was that a mistake? Yes, Your Honor, because the government was substantially justified. Putting that aside, putting aside the question of whether you think you were substantially justified, if we disagree with whether you were substantially justified, what's wrong with the way the trial judge allocated the award to the litigation? Was there something wrong with that other than you don't think it was substantially justified? Your Honor, if the court were to decide that a fee award was appropriate here, I believe the court's computation would be satisfactory. It seems, I mean, that was the way the court defined litigation related expenses. So the only issue then is whether the government's position was substantially justified. Yes, Your Honor. That's the only issue that we really need to vessel with. That's the only issue before the court. There's no issue about prolonging the proceedings? Well that would be an issue on, that has not been made an argument, no, that the taxpayer prolonged the proceedings. The court didn't find that the taxpayer did, although the court found that a couple of motions filed by the taxpayer were meritless, but there was no Maybe I'm mistaken. I thought the government was arguing that because the taxpayer refused to accept the refund and insisted on the entry of judgment that the taxpayer had prolonged the proceedings. No, Your Honor, we have not argued that. We haven't argued that any of the fees that were actually allowed by the court were not allowable on that basis because the court, in fact, removed some of the costs, some of the fees that were attributable to what we might deem to have prolonged the litigation. The court did not allow fees for that, so the government has not argued that. Our sole argument is that the government acts reasonably when it takes a taxpayer's refund claim and evaluates what the taxpayer says is the reason it's entitled to a refund. It has forever been the law that the government is not required to look around for another basis for a refund. And in this case, what the government did was go beyond the call of duty and find that the taxpayer had paid a tax on a tax-exempt transaction and had arranged for the refund, and now the court has awarded attorneys' fees. And we submit that the court made two legal errors in doing it. It imposed the wrong burden on the government, faulting the government for not having found this tax exemption earlier, and basically for finding that the agent of that mistake was ATF when it should not have been examining ATF's conduct at all. It should have been looking only at the government's litigating conduct when it was using 7430 as the basis for giving an award. That's really the key to your position, isn't it, that the trial court, using 7430, if that's the right statute, citation, using 7430, the trial judge should not have thought at all about what the agency did, but only about what justice did during the litigation. Is that correct? That is our argument, although we would submit that the same rule as to what the government is obligated to do with a refund claim applies both to ATF and to government counsel in litigation. It is permitted to consider a refund claim based solely on what's in that refund claim, and that's true both at the agency level and at the judicial proceeding level. Let's hear from Mr. Gnatt. Good morning, members of the Court. My name is Robert Gnatt. I'm the attorney for Brian Blakely, the appellee in this matter. Before beginning certain remarks, I would appreciate the Court's indulgence in correcting one item that I believe was stated in the government's argument. The refund claim that was filed here did, in fact, attach the prior administrative claims, the ATF-level claims, to them. But in making the refund claim, you only argued that the refund was due because this was a rifle rather than a machine gun, right? That's precisely correct, Your Honor. And you never argued to the ATF that a refund was due because you were entitled to an exemption? That's exactly right, and that comment points out what I wanted to get to is I believe the problem with the government's position here—actually, there are two fundamental problems with the government's position. Their entire argument on substantial justification rests on the premise that they discovered an item, an exemption, that should have been in the claim for refund and was not, and therefore they're put to the burden of doing this and so forth and so on, and of course they invoked the variance doctrine, which was discussed in a number of the briefs. The problem with this—and I don't know how it is made any clearer than what is in the ATF regulations—is that it is not permitted to the government to actually make this exemption claim at all. It is very clear from the ATF regulations, which are in the briefs and cited and so forth, that it is up to the transferor to make—to apply for an exemption. This transfer is taxable on its face, and the tax was paid. As with many other taxing statutes, it is permitted to the person being—assess the tax here, the transferor, to apply for an exemption or a waiver if that is permitted by statute. That's discretionary on the taxpayer's part, on the transferor's part, explicitly so in the language that we're dealing with here. It is not required at all. So if I understand what you're saying, you're saying that it's not—that the government didn't err in failing to make the refund earlier, that where the government erred was making the refund ever, right? Exactly. They never had the authority to make this refund at all because they're not—it's not the government that's allowed to do this. It's an exemption, the triggering which is granted to the transferor, not to the federal government. And that's the fundamental premise. Their entire substantial authority, especially just— So how do you get legal fees as a result of the government making an unauthorized refund? Well, they didn't even make a refund, unauthorized or not, Your Honor, which is the second, I think, premise implied in their brief. They didn't really grant a refund. They didn't—they didn't touch this refund claim. They sent $200 back to this taxpayer. That's so much happened. But they didn't say your claim is granted. And indeed, they denied it. They denied that the claim had any merit, and they always have. Mr. Naffi, you're basically collaterally attacking the earlier initial decision by the trial judge, which was to grant the government's motion to dismiss the case on the grounds that the government had given you back your $200. What you're saying is the government was not allowed under the law to do that, right? Isn't that what you're now telling us? You said two things. We're not collaterally attacking the court's ruling in that regard. We tried that once before. It didn't work. Well, that's the point I was about to make to you, sir, is that I believe you are collaterally estopped from collaterally attacking. Those aren't all the right words. But you can't come back up here. We're dealing with law of the case. Exactly. And I'm not tempted to do that. What I'm tempted to do is to undercut the government's fundamental premise, which was that they were duly diligent and therefore substantially justified by virtue of the fact that they found an exemption that was staring them in the face for three years even before litigation happened. You're saying they shouldn't have done that. They should not have done that at all. They were not permitted to do that. The only thing that was legally permitted to the government here was to act on a claim for refund, which they did. So I come back to that. Why are they liable for legal fees because they made an unauthorized refund? They're liable for legal fees because the taxpayers substantially prevailed in this litigation and their position was not substantially justified. Their position in connection with the litigation, Your Honor, was to—the government would love to have fees if this court were to affirm the award of fees, would love to have fees start from the date of the complaint onward. I don't know that they've made a good case to say that from the complaint onward that they're safe, except for what we just discussed. What I'm asking is how can the government be faulted for not making a refund earlier when your position is that they shouldn't have made the refund at all? Because they were faulted for continuing the litigation and indeed—well, they were faulted for continuing the litigation and for not granting the refund claim as it started. I mean, they're in— On what ground? Pardon me? What's your theory? On what grounds should they have granted the refund claim? Well, our grounds, of course, which we're not permitted to do right now is that the refund claim should have been granted on its merits. The taxpayer filed this refund suit, not an unusual action in the Court of Federal Claims. It's a refund forum and— Challenging the classification as a machine gun. Pardon me? Challenging the classification of this device as a machine gun. That's correct. And the government opposed it on grounds they should never have opposed it on and then granted a payment of $200 in order to move the suit. So the court below correctly ruled that the taxpayer had substantially prevailed and the only question is whether the government's actions in the litigation were substantially justified by persisting in the litigation. And you still don't have a ruling on the merits? We don't. Which is why you, in effect, waive the classification or the taxpayer status argument in order to get to the merits and we're not allowed to reach it, right? That's correct. At this point, there's no issue about the merits. It would be nice if it were, but there's no issue on the merits. One of the reasons— But the government says here today in this decision that it should prevail because it never had a ruling on whether it was a machine gun or not, did it? That's correct. That issue is not before the court and, indeed, the law of the case cannot be before the court. The government makes noises about the availability of other forms for that kind of litigation. Again, we've been through this before a couple of years ago in this very court, but that is not before the court. There was a point in the government's arguments that I want to pick up on, however, about the separation of administrative versus judicial actions. I want to come back to what they had said, but it seems to me that even if the government were correct about the separation of administrative from judicial proceedings, and I don't believe they are, I'm not sure how far that gets them in the sense that the court here—well, in the sense that the substantial justification, even in the government's own regulations, the IRS's own regulations, appears to provide that substantial justification includes consideration of whether the taxpayer has presented all relevant information to the IRS. And I apologize to the court. This may not be completely clear in our brief, but it's Regulation Section 301-7430-5C1, which contains a definition of substantial justification for purposes of Section 7430. It's fairly explicit in that section that substantial justification includes consideration of whether the taxpayer adequately presented the taxpayer's facts and law to the agency, in that case to the IRS, but of course we're now talking about ATF. I don't think there's any question that on this record that's exactly what happened here. Also, the government's position is flawed in the sense that it's very clear, even from Section 7430, that the court below could and did take into account pre-litigation actions in terms of the amount of fees it awarded, precisely because 7430 reads that litigation costs can be awarded in connection with litigation. What did the government do wrong at the agency level? What should they have done? Well, at the agency level, they should have, well, I'm not sure that there's anything wrong that they did necessarily at the agency level except for the fact that they did not grant the taxpayer's request for a ruling that the rifle was not a machine gun. What I'm referring to is the pre-litigation FOIA requests and items for which the court below did award attorney's fees, even though they occurred prior to the complaint itself. Counsel, I'm easily confused and at the moment I'm very confused because, let me see if we can go back to the basic issue in this case, I've gotten lost in the woods. If I understand it correctly, the trial judge awarded you attorney's fees, is that not correct? Correct, Your Honor. And the grounds for awarding you the attorney's fees were that the government's position in its litigation with you was not substantially justified? Correct. What position is it, and your job up here is to defend the trial court's decision. Correct. What position is it that you understand the government took that was not substantially justified? Giving you back the $200 was not substantially justified? That was not, that's correct, that was not substantially justified. Why giving you back your money, why is that not substantial justification for the government having given you what you wanted? Well, I know you wanted the rifle to be said not to be a machine gun, but that's off, that's the collateral attack problem. You can't raise that issue. Right. The only question now is when the government gave you back your $200, were they substantially justified in doing that? The issue of, I don't think so, they were not, but the substantial justification argument here pertains to the government's litigation conduct, not precisely the act of giving back $200, and granting that it's not part of the actual, they never ruled on the refund claim, but what we're complaining of here is that the government's litigating position in which it persisted in litigating a case to the point where it finally decided, oh well, we're going to just give up and give the taxpayer back his $200, that that litigating position was not substantially justified. We would have loved to have gotten to the merits, but if they're going to move the case on the grounds that they did, which we don't think they had the right to do, but again, that's not up to us to say, if they're not going to go to the merits and they're simply going to give up, that litigating position and the costs associated, the fees associated with it, were not substantially justified. And that's why the court awarded attorneys. Why is it not substantially justified? What did they do that wasn't substantially justified? What position that they took wasn't substantially justified? Giving up the case was not substantially justified. Or litigating the case and then giving it up simply by awarding a payment of $200. And without any... What you're really saying is that their initial resistance to giving you your $200 was not substantially justified. Is that basically what you're saying? Well, no. We would have... I want to take it a step further. Just the $200 is, of course, not the issue here. It's the giving up, the mooting out of the case, not on the merits, on grounds that they were not authorized to give up on. That's what was wrong with what they did here. They improperly mooted out the case. Correct. Now, again, we cannot litigate that issue here. But what we can litigate is whether they were justified in doing that, given the record that they had in front of them. And that's what we're arguing about. So they should not have mooted out the case. That's correct. They should not have mooted out the case. Okay. Thank you, Your Honor. Thank you. Judge Belton. I can be briefed. Do you agree with him as to what the case is about? I guess I do, Your Honor. But I believe that the issue that he's arguing, his main argument, is the law of the case. And he's barred from making this argument. He can't... This Court, when it affirmed the entry of judgment by the Court of Federal Claims on the refund, addressed all of the questions he's raising now, that the government wasn't allowed to This Court has affirmed the entry of judgment and has rejected those arguments. So how could the government not be substantially justified in having taken this action that has been established both by the Court of Federal Claims and by this Court to have been permissible? That's a puzzle to me, because when I read the trial judge's opinion, I was persuaded she was right. But now I don't know, because I don't think I even understand... Well, I'm happy we're making progress. I don't even... Yes, you're making progress. I don't even understand what you're telling me she did wrong. Tell me again one thing she did wrong, just one. She required the government to explore beyond the face of a refund claim. She faulted the government for not doing that. The government took the refund claim at face value at the agency level and in the initial stages of this litigation where the taxpayers' complaint stated only one basis for a refund. Ultimately, the government discovered on its own that there was a reason that the tax shouldn't have been paid on this transfer, and it refunded the money. She faulted the government for not figuring that out earlier. Our position is the government wasn't required to figure it out at all. The government was reasonable if it considered a refund claim that said, this is why I'm entitled to a refund, and the government didn't agree with that basis, and therefore it denied the refund claim. Your opposing counsel seems to agree that you shouldn't have looked for the exemption and made the refund. He does agree with that, but again, we have argued that before this court, and the court has agreed that we were entitled to do that, to figure out another basis for a refund, to give him the refund, and to have judgment entered against us. That's been affirmed by this court. Okay. If there's nothing else, we suggest that the court's award of attorney's fees in this case was an abuse of discretion and should be reversed. All right. Thank you. Case is submitted.